IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WISCONSIN

| | | |
|---|---|---|
| Timothy Goyette, | ) | |
| | ) | Case No. 12 CV 80 |
| Petitioner, | ) | |
| vs. | ) | |
| | ) | |
| Warden Jeffrey Pugh, | ) | |
| | ) | Judge Philip G. Reinhard |
| Respondent. | ) | |
| | ) | |

## ORDER

For the reasons stated below, petitioner Timothy J. Goyette's petition under 28 U.S.C. § 2254 is denied. The court also denies Goyette's request for an evidentiary hearing and declines to issue a certificate of appealability. The cause is dismissed in its entirety.

## STATEMENT-OPINION

Petitioner, Timothy J. Goyette, a state prisoner, filed a *pro se* petition pursuant to 28 U.S.C. § 2254. In his petition, Goyette claims he is entitled to relief because 1) his plea agreement and sentence are in violation of the Double Jeopardy Clause of the Fifth Amendment as applied to the states by the Fourteenth Amendment; and 2) he was denied effective assistance of counsel. With respect to his double jeopardy claim, Goyette argues Wisconsin's crime of aggravated battery is a lesser-included offense of second-degree reckless homicide and the crimes are therefore multiplicitous. His ineffective assistance of counsel claim is premised upon his trial counsel's advice to accept the State's plea agreement. Respondent has answered the petition, and argues it should be denied on its merits.

In July 2001, Timothy Goyette was charged with one count of first-degree intentional homicide, party-to-the-crime, for his participation in a gang-motivated beating of a teenage boy which resulted in death. The beating occurred in close proximity to Goyette's home. On July 20, 2001, a Wisconsin Circuit Court held a preliminary hearing and determined there was probable cause to believe that Goyette committed the charged offense. After extensive plea negotiations, Goyette pled no contest to the reduced charges of second-degree reckless homicide and aggravated battery, both as party-to-the crime, with a gang member penalty enhancement.

Wisconsin's statute proscribing second-degree reckless homicide, Wis. Stat. Ann. § 940.06(1) (West) provides: "[w]hoever recklessly causes the death of another being is guilty of a Class D felony." Wisconsin's statute proscribing aggravated battery, Wis. Stat. Ann. § 940.19(5) (West), provides "[w]hoever causes great bodily harm to another by an act done with intent to cause great bodily harm to that person or another is guilty of a Class E felony." Pursuant to these statutes and Wisconsin's gang member enhancement statute (Wis. Stat. Ann. § 939.625(1)(B)(2))

Goyette was sentenced to consecutive terms of ten years of initial confinement followed by five years of extended supervision for the second-degree reckless homicide conviction; and fifteen years of initial confinement followed by five years of extended supervision for the aggravated battery conviction. [7-1].

Shortly after his sentence was imposed, Goyette filed a motion for postconviction relief. In the motion, Goyette sought to withdraw his plea. He argued the plea was involuntary because his trial counsel coerced him to accept his plea agreement. Ultimately, the trial court disagreed and denied the motion in its entirety. Goyette filed a timely appeal, but on August 31, 2006, the Wisconsin Court of Appeals affirmed Goyette's conviction and the trial court's order denying the motion to withdraw the plea. [7-7]. Goyette petitioned the Wisconsin Supreme Court for review, but the petition was denied on January 10, 2007. [7-8].

Goyette returned to the trial court in April 2008 with a *pro se* motion for collateral postconviction relief pursuant to Wis. Stat. § 974.06. In this motion, Goyette claimed his trial counsel was ineffective for advising him to enter into the plea agreement and also argued his plea agreement and sentence violated the Double Jeopardy Clause because the two offenses to which he pled no contest were multiplicitous. The trial court rejected both claims on the merits. The Wisconsin Court of Appeals affirmed on August 23, 2011 and the Wisconsin Supreme Court denied further review on January 24, 2012. [7-2]; [7-3].

On February 6, 2012, Goyette filed the instant Section 2254 petition in this court. In it, he contends he is entitled to habeas relief because the decision of the Wisconsin Court of Appeals in his appeal from the denial of his post-conviction proceeding was contrary to 1) the Double Jeopardy Clause of the Fifth Amendment as applied to the states by the Fourteenth Amendment; and 2) the Sixth Amendment's right effective assistance of counsel.

28 U.S.C. § 2254 limits a federal district court's ability to grant habeas relief to state prisoners. Relief will not be granted unless the court determines that a state court's adjudication of a claim resulted in a decision that was 1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the United States Supreme Court[;]" or was 2) . . . "based on an unreasonable determination of the facts in light of the evidence presented . . . " 28 U.S.C. § 2254 (d)(1)-(2). The federal courts review a state court's decision on a deferential standard of review. *Griffin v. Pierce*, 622 F.3d 831, 841 (7th Cir. 2010). A federal court may not grant relief if it determines a state court applied federal law incorrectly. Instead, a writ can only be issued if the federal court determines that a state court's application of federal law was "objectively unreasonable." *Williams v. Taylor*, 529 U.S. 362, 409 (2000). This is a difficult standard for a habeas petitioner to prove as the Seventh Circuit has defined objectively unreasonable as "something lying well outside the boundaries of permissible differences of opinion." *McFowler v. Jaimet*, 349 F.3d 436, 447 (7th Cir. 2003)[1].

After reviewing the Goyette's petition, the court concludes he is unable to prove the decision of the Wisconsin Court of Appeals was objectively unreasonable. While he claims he is

---

[1]As most recently stated in *Burt v. Titlow*, No. 12-414, 2013 U.S. LEXIS 8039 at *11-12 571 U.S. ___, (U.S. Nov. 5, 2013) the "AEDPA likewise imposes a highly deferential standard for reviewing claims of legal error by the state courts: A writ of habeas corpus may issue only if the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by" this Court." *Id.* quoting § 2254 (d)(1).

entitled to relief because the appellate court unreasonably applied *Blockburger v. United States,* 284 U.S. 299 (1932), *Rutledge v. United States*, 517 U.S. 292 (1996), *Brown v. Ohio*, 432 U.S. 161 (1977), *Strickland v. Washington*, 466 U.S. 668 (1984), and *Hill v. Lockhart*, 474 U.S. 52 (1985) his arguments are without merit.

## A.  Double Jeopardy

Goyette argues the Wisconsin Court of Appeals erred when it concluded that his sentence was not in violation of the Double Jeopardy Clause of the Fifth Amendment as applied to the states by the Fourteenth Amendment.  He contends the offenses to which he pled guilty are multiplicitous and the state court failed to appropriately apply the United States Supreme Court's standard in *Blockburger v. United States*, 284 U.S. 299 (1932) when it determined Wisconsin's offense of aggravated battery is not subsumed in the offense of second-degree reckless homicide. He also argues that the decision of the Wisconsin Court of Appeals was contrary to the Supreme Court's decisions in *Rutledge v. United States*, 517 U.S. 292 (1996) and *Brown v. Ohio*, 432 U.S. 161 (1977).  After reviewing the record and the relevant precedent, the court finds Goyette's arguments misplaced.

### 1.  *Blockburger and the "Same Elements Test"*

In its opinion, the Wisconsin Court of Appeals concluded Wisconsin's crimes of second-degree reckless homicide and aggravated battery are not multiplicitous.  It explained this was true because aggravated battery requires proof of an element that second-degree reckless homicide does not - that is, intent.  *See State v. Goyette*, No. 2010AP1704, slip. op. at 2-3; [7-2] at 2 ("[t]he elements of second-degree reckless homicide are that the defendant caused the death of another, and that the defendant did so by criminally reckless conduct . . .the elements of aggravated battery are that the defendant caused great bodily harm and intended to do so.  Thus, second-degree reckless homicide requires criminally reckless conduct while aggravated battery requires intentional conduct . . . ").  Goyette argues the Court of Appeals failed to apply the "same elements" test the United States Supreme Court set forth in *Blockburger v. United States*, 284 U.S. 299 (1932) when it reached this conclusion.  The court disagrees.

The Double Jeopardy Clause of the Fifth Amendment provides that no "person [shall] be subject for the same offence to be twice put in jeopardy of life or limb."  U.S. Const., amend. V. As the Seventh Circuit recently explained the protections of the Double Jeopardy Clause can take "two forms."  *Untied States v. Schiro*, 679 F.3d 521, 525 (7th Cir. 2012).  The first is where a person is prosecuted "a second or subsequent time for the same offense."  *Id.*  The other, (which is relevant in this case), is "where the same act or transaction constitutes a violation of two distinct statutory provisions[.]"  *Id.*  In this instance, the relevant inquiry is whether the two offenses constitute the same offense.  To make this determination, courts employ the "same elements" test the United States Supreme Court articulated in *Blockburger v. United States*, 284 U.S. 299 (1932).  This test directs courts to determine whether "each offense contains an element not contained in the other."  *United States v. Dixon*, 509 U.S. 688, 696 (1993).  If two offenses have the same elements, they are considered the same and double jeopardy generally prevents multiple punishments.  *Id.*  This follows from the presumption that "a legislature does not intend to impose two separate punishments for the same offense."  *United States v. Faulds*, 612 F.3d 566, 569 (7th Cir. 2010).  This presumption can be overcome, however, if a party demonstrates "a clear indication of contrary legislative intent" to permit multiple punishments for the same

offense. *Whalen v. United States*, 445 U.S. 684, 691-92 (1980); *see also McCloud v. Deppish*, 409 F.3d 869, 873 (7th Cir. 2005). Conversely, if two offenses have at least one unique element, they are not considered the same offense and there is a presumption that the legislature intended to permit cumulative punishments. *See Albernaz v. United States*, 450 U.S. 333, 340 (1981). Such a presumption can again be overcome if a party demonstrates "a clear indication of contrary legislative intent." *Id.*

The reasoning of the Wisconsin Court of Appeals was consistent with *Blockburger's* same elements test. So too was its conclusion that the offenses of second-degree reckless homicide and aggravated battery are distinct. *See Blockburger*, 284 U.S. at 304. Thus, the court rejects Goyette's contention that the decision of the Wisconsin Court of Appeals amounts to an unreasonable application of *Blockburger v. United States*, 284 U.S. 299 (1932).

### *2. Contrary Legislative Intent*

The court turns next to Goyette's arguments regarding contrary legislative intent. Because the court agrees with the Court of Appeals' conclusion that Wisconsin's crimes of aggravated battery and second-degree reckless homicide are distinct, there is a presumption that cumulative punishments are permissible. *See Albernaz*, 450 U.S. at 339; *see also McCloud*, 409 F.3d at 873. Thus, in order to succeed on his double jeopardy claim, Goyette needed to demonstrate a "clear indication" that Wisconsin legislature did not intend to permit cumulative punishments for the two offenses. *Missouri v. Hunter*, 459 U.S. 359, 367 (1983).

At the Court of Appeals, Goyette attempted to do so. He pointed to Wis. Stat. § 939.66 and Wisconsin case law as evidence that the legislature did not intend to permit multiple punishments for second degree reckless homicide and aggravated battery. *See* [7-4] at 27-35. In its opinion, the Wisconsin Court of Appeals declined to comment on all of Goyette's arguments. Instead, it rejected one as undeveloped and refused to analyze another since it had already concluded  "aggravated battery is not a lesser-included offense of second-degree reckless homicide." [7-2] at 3 n.2. Goyette contends this analysis was cursory and insufficient. He claims the Wisconsin Court of Appeals failed to address "whether the legislature intended multiple punishments of second degree reckless homicide and aggravated battery or whether aggravated battery was merged into second degree reckless homicide, [and this] was "contrary to" Brown and Rutledge." [13] at 21-22. This argument lacks merit.

First, the court finds Goyette's arguments regarding *Brown v. Ohio*, 432 U.S. 161 (1977) and *Rutledge v. United States*, 517 U.S. 292 (1996) misplaced. It appears he relies upon these cases for the proposition that the legislature always must express a clear indication of its intent to permit cumulative punishments regardless of whether two offenses are considered the same under *Blockburger's* "same elements" test. *See* [13] at 23-25. This argument is incorrect.

In *Rutledge*, the Supreme Court applied *Blockburger's* "same elements" test and determined that the offenses of conspiracy to distribute a controlled substance (21 U.S.C. § 846) and conducting a continuing criminal enterprise in concert with others (21 U.S.C. § 848), constituted the same offense if the defendant's convictions were based upon the same conspiracy. *Rutledge*, 517 U.S. at 307. After finding the offenses to be the same, the Court examined whether there was a clear indication that Congress intended to permit multiple punishments for the two offenses. While the Government argued there was, the Court disagreed. *Id.* It

4

concluded that the Government's evidence of contrary legislative intent was insufficient to overcome the presumption that Congress intended to authorize only one punishment. *Id.*

In Goyette's case, the opposite conclusion was reached. The Wisconsin Court of Appeals applied *Blockburger* and determined that the offenses of aggravated battery and second-degree reckless homicide were separate offenses. This court has already determined this finding was not objectively unreasonable. Because of this, there is a presumption that cumulative punishments are permissible. Contrary to Goyette's contentions, the legislature need not articulate a clear intention to do so. Instead, the burden is on Goyette to overcome the strong presumption that cumulative punishments are permissible. *Albernaz*, 450 U.S. at 340-41. As will be discussed in greater detail below, this court does not find Goyette can overcome the strong presumption in favor of cumulative punishments. As such, the court concludes the decision of Wisconsin Court of Appeals was not contrary to *Rutledge v. United States*, 517 U.S. 292 (1996).

Goyette's reliance on *Brown v. Ohio*, 432 U.S. 161 (1977) is similarly misplaced. There, the United States Supreme Court addressed the issue of whether the Double Jeopardy Clause barred the prosecution and punishment for a state law crime of stealing an automobile and a state law crime of operating the same vehicle without the owner's consent. *Id.* at 162. In concluding that the two offenses were the same, the Court determined that when a lesser included offense "requires no proof beyond that which is required for conviction of the greater . . . [t]he greater offense is therefore by definition the "same" . . ." 432 U.S. at 168. While Goyette argues that the circumstances here are analogous to *Brown*, this is simply not true. Here, the lesser included offense of aggravated battery requires additional proof than second-degree reckless homicide. As the Wisconsin Court of Appeals explained, Wisconsin's aggravated battery statute requires intentional conduct while second-degree reckless homicide requires only criminally reckless behavior. *See* [7-2] at 2. Therefore, the decision of the Wisconsin Court of Appeals does not constitute an unreasonable application of *Brown*.

The court also rejects Goyette's argument that *Brown* stands for the proposition that "legislative intent supersedes the Blockburger analysis." [13] at 20. The Supreme Court in *Brown* applied *Blockburger's* same elements test and expressly noted that it is the "established test for determining whether two offenses are sufficiently distinguishable to permit the imposition of cumulative punishment[.]" *Brown*, 432 U.S. at 166. Accordingly, the court rejects Goyette's arguments concerning the Court of Appeals' alleged unreasonable application of *Blockburger*, *Rutledge*, and *Brown*.

In addition to the arguments discussed above, Goyette also attempts to provide evidence that the Wisconsin legislature did not intend to permit cumulative punishments for second-degree reckless homicide and aggravated battery. Prior to addressing any of that evidence, the court first disposes of a portion of claims that appear inappropriate on habeas review. *See generally Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). In his petition, Goyette seems to disagree with the state courts' interpretation of its own laws. *See* [13] at 26 ("there is no state court decision addressing whether the legislature intended multiple punishments of second degree reckless homicide and aggravated battery . . . the Wisconsin Court of Appeals' decision in Goyette's case is no law in Wisconsin."). Arguments of this kind are beyond the purview of this court since it is well established that "[s]tate courts are the ultimate expositors of their own states' laws and [on habeas review] federal courts . . . are bound by the construction placed on a state's criminal

5

statutes by the courts of that state . . . ." *Lechner v. Frank*, 341 F.3d 635, 641 (7th Cir. 2003) (quoting *Cole v. Young*, 817 F.2d 412, 416 (7th Cir. 1987). Thus, to the extent Goyette claims the state courts incorrectly analyzed their own legislature's intent, this court refuses to address such arguments. *McCloud*, 409 F.3d at 876.

That said, the court is cognizant of the fact that Goyette is proceeding *pro se* and will briefly analyze his arguments relating to contrary legislative intent. The Wisconsin Court of Appeals failed to develop a discussion of Goyette's arguments concerning contrary legislative intent. Goyette seems to contend this entitles him to relief. However, regardless of the lack of analyses, this court concludes that Goyette has failed to present sufficient evidence of contrary legislative intent to overcome the presumption that cumulative punishments are permissible.

First, Goyette contends the Wisconsin Court of Appeals ignored Wis. Stat. Ann. § 939.66 when it determined the offenses of aggravated battery and second-degree reckless homicide were not multiplicitous. He claims this statute supports the conclusion that the legislature intended to prevent cumulative punishments for the offenses of aggravated battery and second-degree reckless homicide and the Court of Appeals' failure to consider the statute entitles him to relief. This argument lacks merit.

Section 939.66 is entitled "Conviction of Included Crime Permitted." Wis. Stat. Ann. § 939.66. In relevant part it provides, "[u]pon prosecution for a crime, the actor may be convicted of either the crime charged or an included crime, but not both. An included crime may be any of the following: 1) a crime which does not require proof of any fact in addition to those which must be proved for the crime charged. 2) A crime which is a less serious type of criminal homicide than the one charged . . ." *Id.* at (1)-(2). Goyette claims the Court of Appeals ignored this statute and its failure to do so amounts to a decision contrary to clearly established federal law. Even if this court assumed that the Court of Appeals' failure to consider the statute is contrary to clearly established federal law, the statute is inapplicable here.

First, Section 939.66(1) is inapplicable because this subsection only relates to a crime which does not require additional proof to another charged crime. As this court previously stated, the Wisconsin Court of Appeals concluded that aggravated battery requires prove of intentional conduct while second-degree reckless homicide requires criminal recklessness. *See* [7-2] at 2. This conclusion was not objectively unreasonable. Thus, subsection (1) does not apply here.

Section 939.66(2) is also inapplicable. Goyette claims subsection (2) supports his claim because "[i]f a lessor homicide is an included crime of a greater homicide, than [*sic*] aggravated battery is an included crime of second degree reckless homicide." [13] at 27. This argument lacks merit. First, aggravated battery is not a crime of criminal homicide. Wisconsin's aggravated battery statute requires that a defendant intend to cause great bodily harm to another - not death. *See* [7-2]; *see also* Wis. Stat. § 940.19 (5). Subsection (2) only applies if a defendant is charged with two offenses of criminal homicide. Thus, subsection (2) does not demonstrate contrary legislative intent to overcome the presumption that cumulative punishments for convictions of aggravated battery and second-degree reckless homicide are permissible.

Goyette's other arguments which purport to demonstrate contrary legislative intent are equally misplaced. He contends contrary legislative intent can be found in the Wisconsin Supreme Court's decision in *State v. Wickstrom*, 111 N.W.2d 176 (Wis. 1961). Goyette claims

the Court in *Wickstrom* held that "criminally reckless conduct is equivalent to intent." [13] at 35. However, the issue in *Wickstrom* was whether there was sufficient evidence to find a defendant was grossly negligent. *Wickstrom*, 111 N.W.2d at 178-79. In concluding there was, the Wisconsin Supreme Court examined the relevant criminal statute and noted that "[g]ross negligence in the criminal law is included in homicide by reckless conduct." *Id.* at 179. *Wickstrom* did not discuss intentional conduct and never suggested that intentional conduct and reckless conduct were one in the same. Accordingly, the court rejects Goyette's contention that *Wickstrom* demonstrates contrary legislative intent.

Finally, the court finds Goyette's reliance on other state's legislative intent unpersuasive. While he contends other states have determined that the offense of aggravated battery is subsumed in second-degree reckless homicide, this does not mean that the Wisconsin legislature has. *See State v. Sauceda*, 485 N.W.2d 1, 5 (Wis. 1992) ("contrary legislative intent may be derived from the language of the statutes, the legislative history, the nature of the proscribed conduct, and the appropriateness of multiple punishments."). As such, the court rejects Goyette's contention that contrary legislative intent can be found in other states' legislative intent.

Goyette asserts additional arguments which purport to demonstrate a contrary legislative intent. However, none are convincing to overcome the presumption that the offenses of aggravated battery and second-degree reckless homicide carry cumulative punishments. Accordingly, the court denies Goyette's double jeopardy claim.

### B. Ineffective Assistance of Counsel

Goyette's second claim is that he is entitled to habeas relief because he was denied effective assistance of counsel. Specifically, he contends his trial counsel was ineffective in advising him to plead no contest. He argues that the Wisconsin Court of Appeals failed to apply the clearly established federal law in *Strickland v. Washington*, 466 U.S. 668 (1984) and *Hill v. Lockhart*, 474 U.S. 52 (1985). The court disagrees.

It is well established that claims of ineffective assistance of counsel are governed by the two-part standard the United States Supreme Court set forth in *Strickland v. Washington*, 466 U.S. 669 (1984). To succeed on this claim, Goyette must show that his counsel's performance was deficient and he suffered prejudice as a result of his counsel's deficient performance. *Strickland*, 466 U.S. at 688; *Brady v. Pfister*, 711 F.3d 818, 823 (7th Cir. 2013). Deficient performance requires a defendant to show that his attorney's performance "fell below an objective standard of reasonableness informed by professional norms." *McElvaney v. Pollard*, No. 12-2357, 2013 WL 4423669 at *3 (7th Cir. Aug. 20, 2013). To establish prejudice, a defendant must show that "but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.*

At the Court of Appeals, Goyette argued his trial counsel was ineffective in advising him to plead no contest plea because there was insufficient evidence to convict him of the crimes to which he pled and because his attorney erroneously informed him that if he went to trial he could be convicted of first-degree intentional homicide. After examining the record, hearing transcripts, and relevant statutes, the Wisconsin Court of Appeals rejected this argument and concluded there was sufficient evidence to sustain convictions for aggravated battery, second-degree reckless homicide, or first-degree intentional homicide. *See* [7-2] at 4. It found the

transcripts from Goyette's preliminary hearing and Wisconsin's party-to-a-crime statute (Wis. Stat. § 939.05) particularly persuasive.

At the preliminary hearing, an investigating officer testified that an individual who had participated in the gang-motivated beating provided a statement implicating Goyette. At the conclusion of this hearing, the Wisconsin Circuit Court determined there was probable cause to believe Goyette committed first-degree intentional homicide. These facts taken together with Wisconsin's party-of-a-crime statute, caused the Wisconsin Court of Appeals to find there was sufficient evidence for a jury to convict Goyette had he gone to trial. *See* [7-2] at 4 (citing Wis. Stat. § 939.05). Because of this, the Court of Appeals rejected Goyette's argument that the evidence at trial would have been insufficient to sustain convictions for aggravated battery, second-degree reckless homicide, or first-degree intentional homicide, as a party to a crime. It then concluded that Goyette could not establish that his attorney's performance was deficient and that his ineffective assistance of counsel claim failed.

This court does not find such a conclusion contrary to clearly established federal law. In fact, it is worth mentioning that in *Burt v. Titlow*, No. 12-414, 2013 U.S. LEXIS 8039 at *11-12, 571 U.S. ___, (U.S. Nov. 5, 2013), the United States Supreme Court reiterated the heightened deference federal courts are obliged to pay state courts when a state prisoner asks to set aside a sentence or conviction because his counsel was ineffective during plea bargaining. In *Titlow*, the Court described the standard as a ". . . double deferential standard of review that gives both the state court and the defense attorney the benefit of the doubt." *Id.* (citing *Cullen v. Pinholster*, 563 U.S.__, __, 131 S. Ct. 1388 (2011)).

It is with this standard that the court proceeds to Goyette's arguments concerning the Wisconsin Court of Appeals' alleged unreasonable application of *Strickland v. Washington*, 466 U.S. 668 (1984) and *Hill v. Lockhart*, 474 U.S. 52 (1985). Goyette contends the Wisconsin Court of Appeals "applied an incorrect and more onerous standard" when it determined his ineffective assistance of counsel claim failed. [13] at 39. His argument is largely based on semantics. He appears to argue that he only needed to show there was "a reasonable probability" that there was insufficient evidence to sustain a conviction and the Wisconsin Court of Appeals held otherwise. *See id.* at 40. However, the "reasonable probability" language Goyette speaks of relates to the prejudice prong in *Strickland*, not the deficient performance prong. *See Hill v. Lockhart*, 474 U.S. 52, 57 (1985) (explaining that ineffective assistance of counsel claims require that a defendant show "that there is a reasonable probability, that but for counsel's unprofessional errors, the result of the proceeding would have been different.") (citations omitted). In Goyette's case, the Court of Appeals declined to address whether Goyette could establish prejudice since it found Goyette could not prove that his attorney's performance was deficient under the first prong. *See* [7-2] at 3-5. Thus, Goyette's contention that the Wisconsin Court of Appeals applied a "more onerous standard" is without merit. [13] at 39.

Goyette next argues the decision of the Wisconsin Court of Appeals was contrary to clearly established federal law because it determined there was sufficient evidence to find that there "was a real possibility that Goyette would have been convicted of aggravated battery, second-degree reckless homicide, or first-degree intentional homicide." [7-2] at 5. Goyette contends this is the wrong standard because the state is required to prove its case beyond a reasonable doubt. However, the relevant inquiry in determining whether an attorney's advice to

plea is whether such advice falls below "an objective standard of reasonableness." *Strickland*, 466 U.S. at 687-88. The Court of Appeals found the "allegations in the criminal complaint, the testimony at the preliminary hearing, and the circuit court's finding of probable cause . . . provided a reasonable basis for Goyette's counsel to advise Goyette to enter a plea . . . to avoid the possibility of a conviction for first-degree intentional homicide, as party to a crime." [7-2] at 5. Based on this finding, the Court of Appeals concluded that Goyette could not establish that his attorney was deficient. This is in accordance with the Supreme Court's instructions in both *Strickland* and *Hill*. *See Strickland*, 466 U.S. at 687-88; *Hill*, 474 U.S. at 57. Accordingly, the court does not find the decision of the Wisconsin Court of Appeals contrary to clearly established federal law.[2]

### C. Certificate of Appealability

Rule 11 of the Rules governing Section 2254 cases in the United States District Courts mandate that the court rule on a certificate of appealability when it denies a petition under Section 2254 or otherwise closes the case. A certificate of appealability is not granted as a matter of right and instead may only be granted "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A substantial showing occurs when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different matter or that the issues presented were adequate to deserve encouragement to proceed further." *Resendez v. Knight*, 653 F.3d 445, 446 (7th Cir. 2011) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

While Goyette attempted to raise constitutional issues in his petition, the court finds his claims meritless and does not find that "reasonable jurists could debate whether . . . the petition should have been resolved in a different matter." *Id.* Thus, because there is no substantial constitutional question for appeal, the court declines to issue a certificate of appealability.

For the reasons above, Timothy J. Goyette petition under 28 U.S.C. § 2254 is denied. The court also denies Goyette's request for an evidentiary hearing and declines to issue a certificate of appealability. The cause is dismissed in its entirety.

Date: 12/03/2013                                    ENTER:

                                                    _Philip G. Reinhard_
                                                    _____
                                                    United States District Court Judge

Docketing to Mail Notices (LC)

---

[2]It is worth noting that even if reasonable minds could disagree about whether Goyette's attorney's performance was sufficiently deficient to satisfy the first prong in *Strickland*, this is not enough to grant habeas relief. As the Supreme Court stated in *Harrington v. Richter*, __ U.S. __, 131 S. Ct. 770, 785-86 (2011), "even a strong case for relief does not mean the state court's contrary conclusion was unreasonable . . . the range of reasonable applications is substantial."